UNITED STATES of America, Plaintiff,

v.

Timothy C. McCARTHY, Defendant.

No. IP 96–0734–C M/S.

United States District Court,
S.D. Indiana,
Indianapolis Division.

April 30, 1998.

Douglas Snoeyenbos, Trial Attorney, Tax Division, United States Department of Justice, Washington, D.C., for U.S.

Timothy C. McCarthy, Indianapolis, Indiana, pro se.

### ORDER ON SUMMARY JUDGMENT

McKINNEY, District Judge.

This matter pends on the Motion for Summary Judgment filed by the United States in its effort to collect overdue withholding taxes from defendant McCarthy. Defendant McCarthy proposed in his 1985 Chapter 11 Bankruptcy plan to pay in full with statutory interest back taxes to the United States pursuant to an agreed payment schedule. The taxes he agreed to pay represented withholding taxes of employees of Lube Oils, Inc. The Internal Revenue Service alleged in its assessment that he, as the responsible party, wilfully failed to remit the taxes. His plan was confirmed by the Bankruptcy Court on October 17, 1985. He did not contest the amount of the assessment or the fact that he was the responsible party or that he wilfully failed to pay the taxes.

McCarthy alleges that the United States cannot collect this assessment because the ten year statute of limitations has passed. McCarthy and the United States agree that the plan of confirmation provided that the tax could not be sued upon as long as McCarthy was paying pursuant to the plan. They also agree that McCarthy never made a payment to the United States under the plan. Under the plan, the first payment was due "on the (whatever) day of the first (1st) month following confirmation.." Thus, the earliest that the first payment under the plan would have been due was November 1, 1985. It is McCarthy's view that on December 1, 1985, the ten year statute began to run. Because this action was not filed until May 22, 1996, he urges that the suit is out of time and should be dismissed.

The United States argues that the six month automatic tolling provision of 26 U.S.C. § 6503(h) applies here as in all cases and pushes the date by which the suit must be brought to six months beyond the date McCarthy's bankruptcy protection no longer was available to him. The plan provided: "In the event of a default in payment in excess of thirty (30) days, the Internal Revenue Service shall be free from the terms of this Plan to seek whatever collection is available of the unpaid balance." The plan thus removed McCarthy's protection against suit by the United States for thirty days from the date he failed to make the payment due under the plan. On this basis, the United States asserts that the statute of limitations does not begin to run until six months after it could have initiated a suit for collection against McCarthy, which would have been six months after December 1, 1995, or June 1, 1996.

McCarthy makes the argument that because the confirmed plan itself tolled the statute of limitations by prohibiting the United States from collecting on the debt until McCarthy had defaulted on the payment plan for more than 30 days, the United States does not get the benefit of 26 U.S.C. § 6503(h) which otherwise tolls the statute for six months following the confirmation of the plan. McCarthy does not offer any precedent for his view, rather he rests on the fairness of his argument. Such a view ignores the language of the statute. Indeed, it does seem a long time between assessment and suit in this case.

■ The Court must decide whether 11 U.S.C. § 1141, which binds a creditor to the provisions of a confirmed plan, bars any action by the United States to collect the tax obligation during the pendency of the plan. Certainly if such collection is barred, the statute of limitations for that period is tolled. The first inquiry is into the language of the plan. Here the language is clear. The plan itself prohibited the United States from utilizing collection remedies until thirty days after McCarthy defaulted on his obligation under the plan. It is tempting to speculate on the position McCarthy would have taken had the United States attempted during the operative period of the confirmation plan to sue in abrogation of its assent to the confirmed plan.

The plan by its own wording suspended the right of the United States to collect the tax. The plan provided the protection of the Bankruptcy Court to McCarthy for as long as he abided by its terms. It did not deprive the United States of the additional six months of 26 U.S.C. § 6503. Under these

facts, the statute of limitations was thereby tolled until December 1, 1995. Therefore, the United States suit is timely and the defense fails.

■ McCarthy further wishes to relitigate in this Court the validity of the assessment. It is too late for him to abrogate his assent to both the amount and validity of the original assessment. He agreed to the amount and validity in his offered plan. His plan was confirmed. Res judicata prevents him from contesting for the first time the validity of the assessment. *In Re Chattanooga Wholesale Antiques, Inc.*, 930 F.2d 458, 463 (6th Cir.1991) and In Re *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1317 (4th Cir.1996) reinforce this view.

There being no material issues of fact to prevent the entry of summary judgment against McCarthy and in favor of the United States, it is therefore ordered that the plaintiff's Motion for Summary Judgment is **GRANTED** and judgment is entered against defendant McCarthy and in favor of the United States of America in the total amount of Twenty–One Thousand Five Hundred Eighty–Five Dollars and Ninety–Four Cents ($21,585.94), plus interest and other assessments.

ALL OF WHICH IS SO ORDERED.